## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| QINGDAO FREE TRADE ZONE FULL-WORLD INTERNATIONAL TRADING CO., LTD. | |
| Plaintiff, | Court No. 16- 00076 |
| v. | |
| UNITED STATES, | |
| Defendant. | |

## COMPLAINT

Plaintiff, Qingdao Free Trade Zone Full-World International Trading Co., Ltd. ("Full World"), by and through undersigned counsel, hereby alleges and states as follows:

### ADMINISTRATIVE DECISION TO BE REVIEWED

1. Plaintiff seeks review of the of the final results of the U.S. Department of Commerce, International Trade Administration's ("the Department" or "Commerce") antidumping duty administrative review, the final results of which were published in *Certain New Pneumatic Off-the-Road Tires From the People's Republic of China: Final Results of Antidumping Duty Administrative Review; 2013-2014*, 81 Fed. Reg. 23,272 (April 20, 2016). ("Final Results"), and the accompanying Issues and Decision ("I&D") Memorandum.

### JURISDICTION

2. This action is filed pursuant to 19 U.S.C. §§1516a(a)(2)(A)(i)(I) and 1516a(a)(2)(B)(iii). The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).

## STANDING OF PLAINTIFF

3. Plaintiff is a Chinese producer and exporter of certain New Pneumatic Off-the-Road Tires ("OTR Tires" or "subject merchandise") from the People's Republic of China ("China"). Plaintiff participated in the Department's proceeding that resulted in the challenged determination and is subject to the Department's Final Results.  Therefore, Plaintiff is an interested party as described in section 771(9)(A) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1677(9)(A).  Plaintiff therefore has standing to bring this action under 28 U.S.C. § 2631(c) and 19 U.S.C. § 1516a(d).

## TIMELINESS OF THE ACTION

4. Section 516A(a)(2)(A)(i) of the Act requires that, in actions challenging the Department's determinations pursuant to section 516A(a)(2)(B)(iii) regarding administrative reviews, the summons must be filed within 30 days of the date of the date of publication in the Federal Register of the notice of determination.  19 U.S.C. § 1516a(a)(2)(A)(i).  The Department published its final results of administrative review on April 20, 2016.

5. This action was commenced within 30 days of the date of publication of the Department's Final Results through the filing of a Summons and Complaint on April 29, 2016.  The Summons and the Complaint have been timely filed in accordance with 19 U.S.C. § 1516a(a)(2)(A), 28 U.S.C. § 2636(c), and pursuant to Rules 3(a)(2) and 6(a) of the Court's Rules.

## BACKGROUND

6. The Department issued the antidumping duty order on OTR Tires from China on September 8, 2008.  *See Certain New Pneumatic Off-the-Road Tires From the People's Republic of China:*

*Notice of Amended Final Affirmative Determination of Sales at Less Than Fair Value and Antidumping Duty Order*, 73 Fed. Reg. 51,624 (September 4, 2008).

7.   On October 30, 2014, the Department initiated the administrative review of the antidumping duty order on OTR Tires from China, covering sale(s) of subject merchandise produced and exported, or sold for export, by Full World during the period of review ("POR") of September 1, 2013, through August 31, 2014.  *See Initiation of Antidumping and Countervailing Duty Administrative Review,* 79 Fed. Reg. 64565 (October 30, 2014) ("Initiation Notice").

8.   Subsequent to the initiation of the proceeding, the Department selected Qingdao Qihang Tyre Co., Ltd. and Xuzhou Xugong Tyres Co., Ltd. as the only two mandatory respondents in the review and issued antidumping duty questionnaires accordingly.

9.   On December 29, 2014, Full World submitted its Separate Rate Certification submission, providing information and arguments to confirm that Full World remained entitled to receive a separate rate in this proceeding.

10.   The Department published its Preliminary Results of the administrative review on October 9, 2015.  *See Certain New Pneumatic Off-the-Road Tires From the People's Republic of China: Preliminary Results of Antidumping Duty Administrative Review; 2013-2014*, 80 Fed. Reg. 61166 (October 9, 2015) ("Preliminary Results").  The Department made a preliminary determination that the mandatory respondents had made sales of subject merchandise to the United States at less than normal value.  The Department also determined that Full World remained eligible for Separate Rate status and, pursuant to its established practice for respondents not selected for mandatory investigation, assigned Full World a preliminary

dumping margin based upon the average of the rates calculated for the mandatory respondents. *Id*.

11.  In its Final Results, published on April 20, 2016, the Department continued to find that the mandatory respondents had made sales of subject merchandise to the United States at less than normal value and that Full World remained eligible for Separate Rate status.  Thus, the Department assigned Full World a final dumping margin based upon the average of the final rates calculated for the mandatory respondents.

## STATEMENT OF CLAIMS

### COUNT ONE

12.  Paragraphs 1 to 11 are adopted and incorporated herein by reference.

13.  The Department's calculation of the dumping margin for exporters found to qualify for separate rate treatment, including Full World, was based upon the weighted average dumping rate found by the Department for the mandatory respondents, Qingdao Qihang and Xuzhou Xugong.

14.  The Department's calculation of the dumping rate for the mandatory respondents was not supported by substantial evidence on the record and was otherwise contrary to law.

15.  Since the dumping rate for Full World was based upon the average rates calculated for the mandatory respondents, the Department's average dumping rate assigned to exporters entitled to separate rate treatment, including Full World, was likewise contrary to law and not supported by substantial evidence.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court:

(a)     hold that the Department's Final Results are unsupported by substantial evidence and otherwise not in accordance with law;

(b)     remand the Final Results with instructions to issue a new determination that is consistent with the Court's decision, including a recalculation of the average rate to be assigned to Full World; and

(c)     provide such other relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Mark E. Pardo*
Mark E. Pardo
Andrew T. Schutz
Kavita Mohan
Brandon M. Petelin

GRUNFELD, DESIDERIO, LEBOWITZ
SILVERMAN & KLESTADT LLP

1201 New York Ave., NW
Ste. 650
Washington, DC 20005
(202) 783-6881

Dated: April 29, 2016